IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOHN BILLINGSLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 05-4397-CV-C-NKL |
| McGRIFF TRANSPORTATION, INC., | ) ) ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is John Billingsley's ("Billingsley") Motion to Remand [Doc. # 2]. For the reasons set forth below, the Court grants Billingsley's Motion.

**I.    Background**

   **A.    State Proceedings**

Billingsley alleges that he suffered injuries when a truck driver, employed by McGriff Transportation, Inc. ("MTI"), backed up his truck and pinned Billingsley between the truck and a loading dock. Billingsley's injury occurred in October 2004.

In a letter dated August 8, 2005, Billingsley issued a settlement demand to Rainbow Logistics, L.L.C. ("Rainbow"), in the amount of $175,000.[1]

Billingsley subsequently filed his civil action in the Circuit Court of Pettis County, Missouri, against Rainbow. In his Petition, Billingsley asserted that his injuries exceeded

---

[1] The Court has found no explanation why the settlement demand was made to Rainbow.

1

the jurisdictional threshold of $25,000, but he did not state a specific damage amount. On October 31, 2005, Billingsley filed his First Amended Petition in the same cause of action. Billingsley substituted MTI as the defendant and dropped Rainbow from the case. Again, Billingsley stated that his damages exceeded $25,000, but he did not assert a specific damage amount.

### B. Federal Proceedings

On December 6, 2005, MTI removed Billingsley's case to this Court based on diversity jurisdiction. To support diversity, MTI stated that it is an Alabama corporation and that Billingsley is a Missouri resident. Thus, the parties are diverse and that is undisputed for purposes of Billingsley's pending Motion. To support the requisite amount in controversy, MTI proffered Billingsley's demand letter to Rainbow wherein Billingsley stated that his damages were $175,000. Billingsley filed his pending Motion on December 12, 2005.

## II. Discussion

Generally, a party may remove an action if it could have been filed originally in federal court. 28 U.S.C. § 1441(a). Federal diversity jurisdiction exists when no defendant is a citizen of the same state as any plaintiff and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking

2

removal and opposing remand bears the burden of establishing federal subject matter jurisdiction. *State of Missouri ex rel. Pemiscot County, Missouri v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995). Furthermore, in reviewing a motion to remand, a district court is required to resolve all doubts about federal jurisdiction in favor of remand. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

Because MTI is seeking to invoke the jurisdiction of the federal court, the burden is on it to show that federal jurisdiction exists. *Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809, 814 (8th Cir. 1969). The legal standard for a defendant who seeks adjudication in federal court when the plaintiff has not stated a specific amount of damages to establish the requisite amount in controversy is uncertain. The Eighth Circuit has not yet addressed the appropriate burden of proof to be placed on a defendant in this circumstance. *Commercial Coverage, Inc. v. Paradigm Ins. Co.*, 998 F. Supp. 1088, 1091 (E.D. Mo. 1998) (agreeing with the use of the preponderance of the evidence standard without affirmatively adopting it, and stating that the Eighth Circuit has not yet addressed this question); *City of Univ. City, Missouri v. AT&T Wireless Servs., Inc.*, 229 F. Supp. 2d 927, 934 (E.D. Mo. May 24, 2002) (agreeing that the Eight Circuit has not yet addressed this issue and adopting the legal certainty test).

This Court agrees with the reasoning of the cases adopting the preponderance of the evidence standard, instead of the legal certainty standard, when a plaintiff does not request a specific amount in damages in the complaint filed in state court. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 401-04 (9th Cir. 1996); *Allen v. R & H Oil &*

3

Case 2:05-cv-04397-NKL   Document 15   Filed 01/10/06   Page 3 of 6

*Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993); *Gafford v. General Electric Co.*, 997 F.2d 150, 156-61 (6th Cir. 1993); *Jil McCorkindale v. Am. Home Assurance Co./A.I.C.*, 909 F. Supp. 646, 651 (N.D. Iowa 1995); *Dyrda v. Wal-Mart Stores, Inc.*, 41 F. Supp. 2d 943, 948 (D. Minn. 1999); *see also Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001) (applying the preponderance of the evidence standard).

The Court finds that MTI has failed to establish by a preponderance of the evidence that White's damages exceed the jurisdictional threshold amount of $75,000. MTI directs the Court to several cases holding that a settlement demand satisfies the amount in controversy requirement where the demand is a reasonable estimate of the plaintiff's damages. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citations omitted); *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1108 (S.D. Cal. 2003); *Krajca v. Southland Corp.*, 206 F. Supp. 2d 1079, 1081 (D. Nev. 2002). However, these cases are not applicable because they are factually distinguishable and Billingsley's demand of $175,000 is not a reasonable estimate of his damages, based on the information before the Court.

In the cases cited by MTI, the settlement demand letter was sent to the party who was seeking removal of the case. In this case, Billingsley's letter was sent to a non-party who apparently bears no relationship to MTI. MTI has not offered any evidence that there is a nexus between it and Rainbow such that the Court should impute Billingsley's letter to Rainbow as a comparable settlement demand upon MTI. Moreover, it is not

4

unusual for parties to assess differently the liability of other parties and Billingsley's assertion of liability against Rainbow may be for a larger amount than it seeks against MTI. In the absence of any nexus between Rainbow and MTI and the Court's awareness that parties often assess liability of one defendant to be higher than another, the Court finds that Billingsley's settlement demand letter to Rainbow is insufficient to satisfy the amount in controversy threshold.

Moreover, given the current record, the Court is reluctant to find that $175,000 is a reasonable estimate of Billingsley's damages. Billingsley's demand letter details his medical bills as well as his lost wages. The sum of those incurred costs is $11,690.15--far short of the requisite $75,000 amount in controversy required by section 1332. The letter also states that Billingsley may be in need of a future hip replacement and he will develop arthritic changes because of the accident. Although Billingsley's counsel does not attach a monetary value to these damages, there is no evidence that they would satisfy the amount in controversy when added to Billingsley's known damages. Given that Billingsley's known damages were less than ten percent of his demand, it appears that Billingsley's counsel was not realistic in his settlement demand to Rainbow, considering the current evidence available to the Court.

MTI has not satisfied its burden of proof because it was not the subject of Billingsley's settlement demand and Billingsley's demand was not a reasonable estimate of his damages. Given that the Court should resolve any doubt about jurisdiction in favor of remand, the Court will grant Billingsley's Motion.

5

Case 2:05-cv-04397-NKL    Document 15    Filed 01/10/06    Page 5 of 6

### III. Conclusion

Accordingly, it is hereby

ORDERED that Billingsley's Motion for Remand [Doc. # 2] is GRANTED. The case is remanded to the Circuit Court of Pettis County, Missouri.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

DATE: January 10, 2006
Jefferson City, Missouri